# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-22935-CIV-HUCK/O'SULLIVAN

1ST UNITED BANK,

      Plaintiff,

v.

BANK OF AMERICA, NA,

      Defendant.

_____/

### ORDER

THIS CAUSE is before the Court on Defendant Bank of America's Motion to Dismiss Count III of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (D.E. # 18).  For the reasons discussed below, Defendant's Motion is denied.

#### Factual and Procedural Background

On or around January 21, 2000, Pinebank, NA and Countrywide Home Loans, Inc., entered into a Mortgage Loan Purchase and Servicing Agreement under which Countrywide sold certain mortgage loans to Pinebank and retained the servicing and administration obligations of these loans.[1] Plaintiff 1st United Bank succeeded in interest to what was originally Pinebank NA's position and rights under the Servicing Agreement, and Defendant Bank of America succeeded in interest to Countrywide's position and rights under said Agreement.  Count I of 1st United's Complaint, originally brought in Florida state court and removed to this Court, is for breach of contract.  1st United alleges that Bank of America breached the Servicing Agreement in multiple ways.  The breaches alleged include, but are not limited to, effectuating short sales of collateral securing one or more of the loans despite the Agreement's prohibition on certain loan modifications, ignoring 1st United's written demand for payment of a loan's unpaid principal balance after Bank of America

---

[1] The allegations of 1st United's Complaint detailed in this Section are assumed to be true for purposes of ruling on Defendant's motion.  *See SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).

1

improperly effectuated the short sale, unreasonably delaying foreclosure actions in violation of the Agreement, failing to provide information and timely Monthly Reports pertaining to the loans as required by the Agreement, failing to timely provide an independent accountant's statement regarding the loans as required by the Agreement, and refusing to cure the breaches of the Agreement.

Count III of the Complaint is for declaratory judgment.  In this count, 1st United alleges that it terminated the Servicing Agreement pursuant to a Notice of Termination due to Bank of America's failure to cure the aforementioned breaches.  Despite this Notice, Bank of America has refused to turn over administration and servicing rights and the physical files and records for the loans and, therefore, 1st United alleges, Bank of America has taken the position that the Agreement is in full force in effect and Bank of America has the sole authority to administer and service the loans.  1st United alleges that "[t]he dispute between 1st United and Bank of America presents a bona fide, actual, present and practical need for a declaration on the issues set forth herein."  (D.E. # 1, Complaint at ¶ 34.)

On October 20, 2010, the Court held a telephonic hearing on 1st United's Motion to Strike Affirmative Defenses and issued an Order the following day striking, among others, the Ninth Affirmative Defense but allowing Bank of America to file a motion to dismiss on the ground asserted in this Defense.  Pursuant to the Court's Order, Bank of America filed a Motion to Dismiss Count III arguing that this claim for declaratory relief is a request for a constitutionally prohibited advisory opinion as well as duplicative of 1st United's breach of contract claim.  1st United, in response, asserts that a substantial controversy exists regarding the parties rights under the Servicing Agreement and that the scope of relief sought in Count III is broader than the scope of relief sought in Count I.

### Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201,[2] consistent with Article III's "case or

_____

[2] While Count III for declaratory judgment was originally brought in state court under Chapter 86 of the Florida Statutes, the Court, hearing this case following removal and based upon its diversity jurisdiction, will consider the viability of Count III under the federal Declaratory Judgment Act.  *See Isola Condominium Association, Inc. v. QBE Insurance Corp.*, No. 08-21592-CIV, 2008 WL 5169458, at * 7 n.1 (S.D. Fla. Dec. 8, 2008) (considering the

controversy requirement" provides that a "declaratory judgment may be issued only in the case of an 'actual controversy.'  Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties." *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (internal citation omitted).  "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.*

Bank of America argues that 1st United's claim for declaratory relief does not satisfy the "case or controversy" requirement because it is solely a request for legal advice that does not "demonstrate any uncertainty regarding Plaintiff's rights with respect to the Servicing Agreement." (D.E. # 18 at 3.)  The Court construes this as an argument that 1st United has not satisfied the Declaratory Judgment Act's actual controversy requirement but disagrees with the Defendant's position.  As detailed more fully in the previous fact section, 1st United alleges in Count III that it has terminated the Servicing Agreement and demanded that Bank of America turn over to 1st United the administration and servicing rights for the loans; however, Bank of America refuses to relinquish these rights as well as the physical files and records for the loans, thereby taking the position that the Agreement is in full force and effect.  The Court finds that these allegations indicate a substantial continuing controversy between the parties regarding the Agreement's force and effect and the parties rights thereunder.  Contrary to Bank of America's position that "Plaintiff does not identify any specific right to which there is any doubt in Count III," (D.E. # 24 at 2), the Court finds that Count III sets forth that the right to administer and service the loans is an area of dispute between the parties.

Bank of America also argues that 1st United's declaratory relief claim should be dismissed because it is redundant of its breach of contract claim.  For this proposition, Bank of America cites opinions from this district dismissing declaratory judgment claims upon a finding that these claims were duplicative of breach of contract claims.  *See Eisenberg v. Standard Ins. Co.*, No. 09-80199-

---

viability of a claim for declaratory judgment under the federal Declaratory Judgment Act even though the claim was originally filed, prior to removal, pursuant to Florida's declaratory judgment statute because this statute is a procedural mechanism that confers no substantive rights).

CIV, 2009 WL 3667086, at * 3 (S.D. Fla. Oct. 26, 2009) (dismissing count for declaratory relief because the contractual interpretation inherent to plaintiff's breach of contract claim would resolve the request for declaratory judgment and also bind the parties as a matter of collateral estoppel); *Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662, at * 1– 2 (S.D. Fla. June 21, 2010) (dismissing claim for declaratory judgment because it involved the "same factual dispute" as and was entirely subsumed by a breach of contract claim); *Regency of Palm Beach, Inc. v. QBE Insurance Corp.,* No. 08-81442-CIV, 2009 WL 2729954, at * 4 (S.D. Fla. Aug. 25, 2009) (dismissing portions of a declaratory judgment claim that asked for a determination that contract had been breached and an amount of damages because these matters would be resolved by plaintiff's breach of contract claims).

 1st United's claim for declaratory judgment in Count III does more than duplicate its breach of contract claim.  On this issue, the Court finds *Kenneth F. Hackett & Associates, Inc. v. GE Capital Information Technology Solutions, Inc.*, Case No. 10-20715-CIV, 2010 WL 3981761 (S.D. Fla. Oct. 8, 2010) (Altonaga, J.), persuasive and instructive.  *Hackett* surveyed cases in which Florida federal district courts consider whether to allow a declaratory relief claim alongside a breach of contract claim, including the aforementioned cases cited by Bank of America.  2010 WL 3981761 at * 4. Based on this survey, the court in *Hackett* fairly concluded that "two concerns dominate decisions to dismiss a declaratory relief claim pleaded with a breach of contract claim: the completeness of the relief afforded to a party when it prevails on its breach of contract claim and judicial economy." *Id.* at * 5.  Applying these factors to the facts of *Hackett*, the court found that the declaratory judgment claim stood on its own.  *Hackett* involved a contract for the use and service of a copy machine, which defendant allegedly breached by increasing plaintiff's payment above the contract's terms. *Id.* at * 1 – 2.  Plaintiff sued for breach of contract and also sought declaratory judgment and other relief.  *Id.* at * 2.  The court found that plaintiff's declaratory claim was not duplicative because plaintiff could lose on its breach of contract claim, but, nonetheless, be entitled to declaratory relief. *Id.* at *5.  That is, in the event a defense barred plaintiff's breach of contract claim, plaintiff would still be entitled to declaratory relief regarding future payments or increases under the contract.  *Id.* Similarly, in the instant action, regardless of whether 1st United succeeds on its claim for breach of the Servicing Agreement, the issue of the right to administer and service the loans in the future

would remain unresolved.  1st United's Count III seeks a declaration regarding these ongoing administration and servicing rights, and, as such, it is not duplicative of Count I for breach of the Servicing Agreement.[3]

### Conclusion

For the aforementioned reasons, Bank of America's Motion to Dismiss Count III of 1st United's Complaint is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, January 5, 2011.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record

---

[3]  1st United's Complaint details that it has demanded that Bank of America turn over administration and servicing rights but that Bank of America has refused and that "the declaratory relief herein is real and critical to the intended rights of 1st United and Bank of America under the Servicing Agreement."  (D.E. #1, Complaint at ¶ 37.)  Based on these allegations the Court can reasonably infer that 1st United seeks a declaration regarding the ongoing rights of the parties to administer and service the loans.  *See Ashcroft v. Iqbal,* --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotations omitted).